# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TERRANCE B. CONNOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 08-34 |
| v. ) | Magistrate Judge Bissoon |
| SGT MARKIEWICZ, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND OPINION

Plaintiff Terrance Connor filed his prisoner civil rights complaint on January 28, 2008 (Doc. 6). He alleges that he was assaulted by corrections officers at the Westmoreland County Jail on July 22, 2007, and that he was denied due process at a disciplinary hearing stemming from the same incident (Doc. 3). All parties have consented to have the undersigned conduct all proceedings in this case through the entry of final judgment (Docs. 4, 21).

Defendants filed a Motion to Take Deposition (Doc. 22), which was granted (Doc. 23). Defendants also filed a Motion to Compel (Doc. 24) in which they asserted that Plaintiff had failed to respond to discovery requests. Plaintiff was directed to respond to the motion (Doc. 25) on or before September 29, 2008, but no response was filed. The Motion to Compel was granted (Doc. 26) and Plaintiff was directed to respond to the discovery requests within 20 days of the October 15, 2008 order.

Defendants have filed a Motion to Dismiss for Lack of Prosecution (Doc. 27) and assert that Plaintiff has never responded to discovery requests despite the Court's order. Further, Defendants note that Plaintiff was transferred from Pennsylvania custody in August, 2008, and is now housed at the Essex County Prison in Newark, New Jersey, but that Plaintiff never informed

1

the Court of his change of address[1]. Defendants also have presented evidence that their attempt to serve Plaintiff with a copy of their Motion to Dismiss was refused (Doc. 30). The Court directed Plaintiff to respond to the Motion to Dismiss (Doc. 29) on or before January 12, 2009. No response has been filed, since the order was sent to his last known address. Defendants argue that Plaintiff has clearly lost all interest in prosecuting this action, and assert that the action should be dismissed for failure to prosecute. Indeed, the docket sheet reflects that the last filing or communication to the Court from Plaintiff was in February, 2008.

In determining whether an action should be dismissed as a sanction against a party, the Court must consider six factors. These factors are as follows:

>  (1) The extent of the parties personal responsibility;
>
>  (2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
>
>  (3) A history of dilatoriness;
>
>  (4) Whether the conduct of the party or the attorney was willful or in bad faith;
>
>  (5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and
>
>  (6) The meritoriousness of the claim or defense.

Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984).

A consideration of the factors set out in Poulis requires that this action be dismissed:

- With respect to factor one, it is clear that the Plaintiff's failure to comply with this Court's order, as well as his refusal to respond to Defendants' discovery requests, is his personal responsibility.

---

[1] Defendants sent Plaintiff a copy of the Court's order at his new place of incarceration.

- Factor two also weighs against Plaintiff because Defendants cannot prepare their defense to the claims against them without Plaintiff's participation in discovery.

- There is now a protracted history of dilatoriness as Connor has simply not participated in any way in this case in close to a year. The third factor, therefore, weighs heavily in favor of dismissal.

- With respect to factor four, Connor has willfully failed to participate in this case for over a year. Plaintiff was served with discovery requests and a motion to compel, all of which he ignored. He then was ordered to respond to the motion to compel. He ignored that order. Plaintiff also ignored the order granting the motion to compel and directing him to respond to the discovery requests.

- The effectiveness of other sanctions also is a factor that weighs in favor of dismissal. Plaintiff's complete refusal to respond to discovery would likely result in limitations on his ability to present evidence -- the functional equivalent of directing a verdict against him. Monetary sanctions would be ineffective because Plaintiff is a prisoner and is proceeding *in forma pauperis*.[2]

In sum, it is clear that Plaintiff Connor has lost all interest in prosecuting the case he filed more than a year ago. In light of the foregoing,

IT IS HEREBY ORDERED that the Defendants' Motion to Dismiss (Doc. 27) is GRANTED. The Clerk is directed to mark this case CLOSED.

Date: February 11, 2009  
s/Cathy Bissoon  
Cathy Bissoon  
United States Magistrate Judge

---

[2] Finally, factor number six weighs neither for nor against dismissal as this case is at such an early stage

Cc:
Terrance B. Connor, Inmate
Essex County Jail
354 Doremus Avenue
Newark, NJ 07105